■ In the Matter of the Arbitration between PUBLIC AFFAIRS COMMITTEE, INC., Respondent, and DISTRICT 65, RETAIL, WHOLESALE & DEPARTMENT STORE UNION AFL–CIO, Appellant.— Assuming that the agreement dated January 1, 1959 between the parties expired by its terms on January 31, 1961, the issue presented here is whether the parties entered into a new contract after February 1, 1961. In its letter of January 31, 1961, petitioner "assumed" that a signed contract would be returned "immediately". In view of the parties' course of conduct in connection with the signing and ratification by members of the union, the parties might have contemplated that the union would be afforded a reasonable time to sign the contract and secure such ratification. In such event an issue is raised as to whether ratification

and notification of acceptance by March 2, 1961 came within such a reasonable period. Other issues relate to whether the union's representative prior to March 2, 1961 had advised the employer that the proposed agreement would not be signed unless the minimum wages were increased; also, whether the employer informed the union representative that the then unaccepted offer was withdrawn or "terminated", which was its prerogative before acceptance by the union. The only specific assertions of rejection of the contract by the union and withdrawal by the employer are found in its reply papers, and therefore could not be refuted by the union. Finally, the union has not been prejudiced by the employer's failure to name the president or treasurer of the union in the title of its petition, as provided in section 13 of the General Associations Law, since the notice of motion instituting the proceeding was addressed to and served upon the secretary-treasurer of the union. This is an irregularity which this court will correct pursuant to section 105 of the Civil Practice Act. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.